IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 10, 2016

**STATE OF TENNESSEE v. BOBBY LEE MILES, JR.**

**Appeal from the Circuit Court for Robertson County**
**No. 98-0234     William R. Goodman, III, Judge**

———————————————————

**No. M2015-02281-CCA-R3-CD – Filed May 31, 2016**

———————————————————

The Defendant, Bobby Lee Miles, Jr., pleaded guilty in 1999 to aggravated burglary and received a three-year sentence. On October 21, 2015, the Defendant filed a Rule 36.1 motion to correct an illegal sentence, alleging that the pretrial credit on the judgment form is incorrect. The trial court summarily dismissed the motion, and the Defendant appeals the dismissal, maintaining that his sentence is illegal. After a thorough review of the record, we conclude that the trial court properly dismissed the Defendant's motion to correct his sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and TIMOTHY L. EASTER, JJ., joined.

Bobby Lee Miles, Jr., Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; John W. Carney, Jr., District Attorney General; and Jason White, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 14, 1999, the Defendant pleaded guilty to aggravated burglary. The judgment form indicates that the trial court sentenced him to serve three years as a standard offender in the Department of Correction. The judgment form also indicates that two periods of jail credit should be applied to the Defendant's sentence. On October 21, 2015, more than a decade later, the Defendant filed a Rule 36.1 motion to correct an illegal sentence, asserting that there is a third period of pretrial credit for which he is

entitled. On November 2, 2015, the trial court dismissed the motion without the appointment of counsel and without a hearing. The Defendant timely appealed the trial court's decision, contending that the trial court erred in summarily dismissing his motion to correct an illegal sentence without the appointment of counsel and a hearing.

Tennessee Rule of Criminal Procedure 36.1 provides an avenue to seek correction of an illegal sentence:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, *see* Tenn. S. Ct. Rule 17 setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

2

The Tennessee Supreme Court recently addressed "whether Rule 36.1 expands the scope of relief available . . . by permitting either the defendant or the State to correct expired illegal sentences." *State v. Brown*, 479 S.W.3d 200, 205 (Tenn. 2015). Our supreme court held that "Rule 36.1 does not expand the scope of relief and does not authorize the correction of expired illegal sentences. Therefore, a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired." *Id.* at 211.

The Defendant argues that his sentence is illegal. The record reflects that the Defendant's sentence expired well before he filed his Rule 36.1 motion. Because the Defendant has completely served his sentence, there is no longer a remedy that this court may provide to correct any illegality in the sentence. Furthermore, a trial court's failure to award pretrial jail credits does not render the sentence illegal and is insufficient, therefore, to establish a colorable claim for relief under Rule 36.1. *Id.* at 213. Accordingly, we conclude that the petition was properly dismissed by the trial court, without appointing counsel or holding a hearing.

## CONCLUSION

Based upon the foregoing, we affirm the judgment of the trial court.


_____
ROBERT W. WEDEMEYER, JUDGE